**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**AJAI SANDHIR,**

      **Plaintiff,**

**v.**                                      **Civil Action No.: 1:17cv102
(Judge Keeley)**

**LOUIS LITTLE,
Individually and Collectively;
SANJAY BHARTI, MD, PLLC;
SANJAY BHARTI,
Individually and Collectively;
JEREMY LAREW,
Individually and Collectively; and
GINGER DERTH,
Individually and Collectively,**

      **Defendants.**

## REPORT AND RECOMMENDATION/OPINION RECOMMENDING ALL MOTIONS TO DISMISS BE DENIED

      This matter before the Court is pursuant to "Defendants' Louis Little and Ginger Dearth Motion by Special Appearance to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m)" (ECF. No. 14) and "Defendants Sanjay Bharti, MD PLLC, Sanjay Bharti, and Jeremy Larew's Motion to Dismiss the Complaint for Improper Service of Process" (ECF No. 24). District Court Judge Irene M. Keeley previously referred this civil action to the undersigned by Order (ECF No. 4) entered on June 9, 2017.

## I. Procedural History

      On May 19, 2017, *pro se* Plaintiff Ajai Sandhir, filed a Complaint against Defendants in the United States District Court for the Eastern District of Virginia alleging two counts of tortious interference with a business relationship, one count of aiding and abetting, and one count of civil conspiracy to injure another in trade, business or profession. (ECF No. 1 at 3-9).  On the

same date, a summons for each defendant was issued to Plaintiff to be served by a special process server. (ECF No. 2). On May 23, 2017, the District Court for the Eastern District of Virginia entered an Order directing Plaintiff to show cause within fourteen days why this civil action should not be transferred to the Northern District of West Virginia. (ECF No. 3).  Plaintiff filed no response.  Finding that the Eastern District of Virginia was not the proper venue for this civil action, on June 9, 2017, the District Court for the Eastern District of Virginia entered an Order transferring this civil action to the Northern District of West Virginia. On August 7, 2017, a summons for each Defendant was reissued in the Northern District of West Virginia and was returned executed thereafter.

On September 25, 2017, Defendants Ginger Dearth ("Dearth") and Louis Little ("Little") filed a joint motion to dismiss (ECF No 14).  The Court thereafter issued a *Roseboro* Notice informing Plaintiff that he could respond to the motion to dismiss within twenty-one days. (ECF. No. 20).  On November 3, 2017, Defendants Sanjay Bharti ("Bharti"), Jeremy Larew ("Larew"), and Sanjay Bharti, MD PLLC, ("Bharti MD PLLC") filed a joint motion to dismiss (ECF No. 24). The Court thereafter issued a *Roseboro* Notice informing Plaintiff that he could respond to the second motion to dismiss within twenty-one days.  (ECF. No. 20). Plaintiff filed a response to Dearth and Little's motion to dismiss on November 9, 2017. (ECF No. 26).  Ginger and Dearth replied on November 16, 2017.  (ECF No. 30).  Plaintiff, as of this date, has not filed any response to the motion to dismiss filed by Bharti, Larew, and Bharti MD PLLC.

## II. Defendants' Motions to Dismiss

A motion to dismiss has been filed on behalf of all five defendants (ECF Nos. 14, 14). While Plaintiff has filed a response to Dearth and Little's pending motion, to date, he has not filed any response to Baharti, Larew, and Bharti MD PLLC's pending motion.

### A. Defendants Dearth and Little's Motion to Dismiss

In their motion, Defendants Dearth and Little move for dismissal because Plaintiff failed to timely serve Defendants as required by Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No 14-1 at 2). More specifically, Defendants argue that Plaintiff has failed to show good cause for not effecting service prior to the deadline set forth by Rule 4(m).  Id. at 3.

### B. Defendants Bharti; Larew; and Bharti, MD PLLC's, Motion to Dismiss

In the pending motion filed by Defendants Bharti, Larew, and Bharti MD PLLC, Defendants assert that the Complaint should be dismissed for insufficient process of service. Defendants assert Plaintiff failed to timely and properly serve the Summons and Complaint upon them.  Specifically, Defendants argue that Plaintiff failed to show he had good cause for failing to effect timely service on Defendants. Id. at 3. Additionally, Defendants argue that the Summons and Complaint for each of them were purportedly served on an individual who is not authorized to accept service on behalf of the individual Defendants and the Company, stating the individual who accepted service "is not a member, officer, director, or trustee, of or authorized to accept service on behalf of the Company." Id. at 4. Defendants further stated that Plaintiff failed to send, by certified mail, a copy of the Summons and Complaint to the Company. Id.

### III. Plaintiff's Response to Dearth and Little

In his response, Plaintiff asserts that the Complaint should not be dismissed arguing that he "has [met] the burden to show good cause and [was] . . . within the time frame designated for effective service." (ECF No. 26 at 4).  Plaintiff explained that when he initially filed this civil action in Virginia, he informed the Virginia Court that all correspondence related to the case should be directed to P.O. Box 4002.  (ECF No. 26 at 1).  He further stated that on July 17, 2017, he returned to the District Court in Virginia with the intention of filing a motion for "'Leave to

Amend Pleadings,'" and have the Summons and Complaint reissued. (ECF No 26 at 1-2). Defendant explained that while the summonses directed Defendants to respond to the P.O. Box 4402 address, his address on the Complaint was incorrect.  Id. at 1.  Plaintiff further stated that the Virginia Clerk of Court refused to file his prepared motion, informing him that this civil action was transferred to the Northern District of West Virginia, and that it would be best to have the summonses reissued with the corrected court name, civil action number, and Plaintiff's corrected address." Id. at 2.

Plaintiff indicated that he travelled to Michigan on July 31, 2017, as he had hired a private processor for service in Lansing, Michigan, and upon his return, immediately visited the Clerk's Office in this district to have the corrected summonses and complaint reissued.  Plaintiff explains that during this visit, the Clerk of Court informed him that he had 90 days from August 7, 2017, to effect service upon the defendants.  Id. at 2-3.  As such, Plaintiff concluded that it was not necessary to file a motion for extension of time to effect service.  Plaintiff served Defendant Little on September 5, 2017; Defendant Dearth on September 9, 2017; and Defendants Bharti, Larew and Bharti MD PLLC on October 20, 2017.  Plaintiff asserts that he understood those dates to be within the proper time frame.  Id. at 3.

## IV. Discussion

Here, all five Defendants move for dismissal based on the insufficient service of process, which provides grounds for dismissal under Federal Rule of Civil Procedure 12(b)(5).  Rule 4 of the Federal Rules of Civil Procedure sets the guidelines on how to properly serve a defendant. Rule 4(e) sets forth the appropriate methods for serving an individual, and Rule 4(h) sets forth the appropriate methods for serving a corporation, partnership or association. Rule 4(e) provides in pertinent part the following:

> [A]n individual . . . may be served . . . by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or . . . (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).  Rule 4(h) provides service upon a partnership may be accomplished

> in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and –if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed.R.Civ.P. 4(h).  If service is not made on a defendant in one of the ways described above within 90 days of the complaint being filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). If however, the plaintiff fails to effect service within the required 90-day period, but shows good cause for the failure, the court must extend the time for service for an appropriate period. Id.

Good cause may be established by a plaintiff that exercises reasonable diligence in trying to effect service. Miller v. Tucker, 2:13-CV-21753, 2014 WL 989204, at *1 (S.D.W. Va. Mar. 13, 2014) (quoting Martinez v. United States, CIV.A. DKC 13–0237, 2013 WL 6858860, at *2 (D.Md. Dec. 26, 2013) (citation omitted).  Typically, courts may find good cause "where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where a plaintiff was unaware of the defect in service until after the deadline

expired. The common thread in all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule. Id.

Here, all five Defendants assert that Defendant failed to timely effect service upon them. Rule 4(m) requires the Defendants be served within 90 days from the date Plaintiff filed his complaint.  Plaintiff filed the Complaint on May 19, 2017.  Therefore, Defendants should have been served on or before August 17, 2017.  Service however was not effected on any of the defendants until after the 90-day period.  Little was served on September 5, 2017.  Dearth was served on September 8, 2017, and Bharti, Larew and Bharti MD PLLC was served on October 20, 2017.  Clearly, all five Defendants were served beyond the prescribed date as set forth by the federal rules.  Nevertheless, the undersigned finds Plaintiff's failure to timely served Defendants should be excused.

Plaintiff alleges that when speaking with the Clerk of Court, he was informed that the time limit for service of Summons was "90 days from the date," and that he understood that to mean 90 days from August 7, 2017.  He further alleges that after inquiring whether the statute of limitation on service would run out in mid-late August, the Clerk stated "90 days from August 7, 2017."   In response, Defendants Dearth and Little stated the Court is not permitted to provide litigants legal advice.  While true, the issue is not whether court staff is permitted to provide legal advice to litigants, but whether advice from court staff was given.  Defendants did not dispute the veracity of Plaintiff's allegation. Consequently, the undersigned assumes the allegations are true. Misdirection from court staff can support a finding of good cause.   See Bright v. Harrison, Civ. No. 87-899, 1988 WL 50328 (E.D.Pa. May 18, 1988) (finding good cause

was shown by the plaintiff who was misdirected by court personnel); <u>Patterson v. Brady</u>, 131 F.R.D. 679, 684-85 (S.D.Ind.1990) (finding good cause where the fault for failure to serve rested on the Clerk's office).  Based upon the foregoing, Plaintiff's untimely filing is supported by good cause.

In addition to untimeliness, Defendants Bharti, Larew and Bharti MD PLLC, assert that they were improperly served, explaining that Plaintiff served an individual who was not authorized to accept service on behalf of the Defendants Bharti and Larew, and Plaintiff "failed to send by certified mail, a copy of the Summons and Complaint to the Company." ECF No. 25 at 4.  Plaintiff provides no argument for his failure to properly serve Defendants Bharti, Larew, and Bharti MD PLLC.

The Advisory Committee Notes to the 1993 Amendment explains that Rule 4(m) explicitly requires courts to provide additional time for service if the plaintiff shows good cause, and further, "authorizes the court to relieve a plaintiff of the consequences" for failing to timely serve defendants "even if there is not good cause shown." Fed.R.Civ.P. 4, Advisory Committee Note, 1993 Amendment.

As a result of the 1993 Amendment, most courts find that Rule 4(m) permits a district court to grant the plaintiff a discretionary extension of time to effect service without a showing of good cause, and requires courts to extend the time for effectuating service absent a good-cause showing. <u>See</u> <u>Petrucelli v. Bohringer and Ratzinger</u>, 46 F.3d 1298 (3d Cir.1995); <u>Panaras v. Liquid Carbonic Indus. Corp.</u>, 94 F.3d 338, 340 (7th Cir. 1996); <u>Mann v. American Airlines</u>, 324 F.3d 1088 (9th Cir.2003); <u>Thompson v. Brown</u>, 91 F.3d 20 (5th Cir.1996); <u>Espinoza v. United States</u>, 52 F.3d 838 (10th Cir.1995).  Moreover, the United States Supreme Court, in *dicta*, concluded that the 1993 amendment to Rule 4(m) gives courts discretion to extend the time for

service even in the absence of good cause.  <u>Henderson v. United States</u>, 517 U.S. 654, 663 (1996).

The undersigned recognizes that Fourth Circuit precedent interprets Rule 4(m) as requiring a showing of good cause before an extension can be granted.  <u>See</u> <u>Mendez v. Elliot</u>, 45 F.3d 75 (4th Cir 1995) (holding a district court judge does not have discretion to allow a time extension beyond the [90-day] limit absent a showing of good cause).  However, as acknowledged by other judges in other circuits and in this district, the undersigned finds that there are several factors that support finding Rule 4(m) of the Federal Rules of Civil Procedure permits district courts to enlarge time for service absent a showing of good cause.  <u>See</u> <u>Horenkamp v. Van Winkle and Co.</u>, 402 F.3d 1129 (11th Cir 2005) (collecting caes); <u>see also</u>: <u>Bruce v. City of Wheeling</u>, CIV.A. 5:07CV76, 2008 WL 4763274, at *5 (N.D.W.Va. Oct. 29, 2008) (stating, "this Court believes that a district court has discretion to enlarge the period for effecting service, even if the plaintiff has failed to show good cause.").

In <u>Bruce</u>, this Court refused to follow the <u>Mendez</u> holding and found the following factors supported its decision.  First, the 1993 Amendment of subdivision (m) states that the subdivision "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown."  Fed.R.Civ.P. 4, Advisory Committee Note, 1993 Amendment.  Second, <u>Mendez</u>, was decided by the Fourth Circuit in 1995, prior to United States Supreme Court's decision in <u>Henderson</u>, which was decided in 1996.  Therefore the Fourth Circuit could not benefit from the Supreme Courts comments in <u>Henderson</u> regarding the 1993 amendments. Third, the 2007 Amendment was intended to be stylistic only and the most recent language of the Rule "affords courts the discretion to dismiss or to order that service be effected within a specified time, and further requires courts to grant an extension when a

plaintiff shows good cause.  Lastly, since the <u>Henderson</u> decision, the Fourth Circuit has acknowledged the Supreme Court's commentary in <u>Henderson</u> and stated in various unpublished decisions that it believes Rule 4(m) does in fact permit district courts to exercise discretion to extend the period of time to effect service absent a showing of good cause.  <u>See</u> <u>e.g., Scruggs v. Spartanburg Reg'l Med. Ctr.,</u> No. 98–2364, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) ("[W]e believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its apparent belief to the contrary."); <u>Giacomo–Tano v. Levine</u>, No. 98–2060, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); <u>Hansan v. Fairfax Cnty. Sch. Bd.,</u> 405 Fed.Appx. 793, 793–94 (4th Cir.2010) ("The district court must extend the [service] period if the plaintiff shows good cause for his failure to serve the defendant. Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve." (citations omitted)).

The undersigned finds there is no reason to depart from this Court's decision in <u>Bruce</u>, and likewise, finds that a district court has discretion to extend the period of service, even if the plaintiff failed to show good cause.

When determining whether to enlarge the period for effecting service, several factors may be considered  These include" whether a statute of limitations bar would preclude the plaintiff from re-filing, whether an extension will prejudice the defendant, whether the defendant had actual notice of the lawsuit, and whether the plaintiff eventually effected service. <u>Troxell v. Fedders of North America, Inc.</u>, 160 F.3d 381 (7th Cir. 1998).

Here, although beyond the 90-day period, all Defendants in this case have been served and have actual notice of the lawsuit.  Furthermore, the undersigned finds no evidence to suggest that the Defendants would be unfairly prejudiced by this extension. Therefore, the undersigned will not penalize Plaintiff for his failure to properly serve Defendants Bharti, Larew and Bharti MD PLLC.   (See Fed.R.Civ.P. 4 Advisory Committee Note, 1993 Amendment (stating that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences" of failing to timely and properly effect service, "even if there is no good cause shown").   Accordingly, the undersigned believes that dismissal is neither required nor warranted at this time.

## V. Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' Louis Little and Ginger Dearth Motion by Special Appearance to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m)" (ECF. No. 14) be **DENIED**.  The undersigned further **RECOMMENDS** that "Defendants Sanjay Bharti, MD PLLC, Sanjay Bharti, and Jeremy Larew's Motion to Dismiss the Complaint for Improper Service of Process" (ECF No. 24) be **DENIED**.

Any party within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.  28 U.S.C. §636(b)(1).  United States v. Schronce, 727 F.2d 91

(4th Cir. 1984), <u>cert.</u> <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir.

1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

      The Clerk of the Court is directed to forward a copy of the this Report and

Recommendation to counsel of record.

      Respectfully submitted this 29th day of January 2018.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE