IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

| | |
|---|---|
| AJAI SANDHIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00102-IMK-MJA |
| ) | |
| LOUIS LITTLE, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES, OR IN THE ALTERNATIVE, TO ORDER PLAINTIFF TO SUPPLEMENT HIS EXPERT DISCLOSURES, AND FOR AN EXTENSION OF TIME FOR <u>DEFENDANTS TO SERVE THEIR EXPERT DISCLOSURES</u>**

Defendants Louis Little, Ginger Dearth, Sanjay Bharti, MD, PLLC, Sanjay Bharti, and Jeremy Larew (collectively, "Defendants"), by their respective counsel, hereby move to strike Plaintiff's Expert Designations [ECF No. 104] for failing to comply with Fed. R. Civ. P. 26(a)(2) and this Court's Scheduling Order [ECF No. 41]. Alternatively, Defendants respectfully request that the Court order Plaintiff to supplement his expert disclosures to comply with Fed. R. Civ. P. 26(a)(2), and further grant Defendants a reasonable extension of their Fed. R. Civ. P. 26(a)(2) expert disclosure deadline. In further support of their Motion, Defendants respectfully state as follows:

1. This Court entered a Scheduling Order on March 5, 2018 setting forth the operative deadlines in this action. In pertinent part, the Scheduling Order provides that Plaintiff's Fed. R. Civ. P. 26(a)(2) expert disclosures were to be served on Defendants by July 1, 2018, and that Defendants' expert disclosures were to be served on Plaintiff by August 15, 2018. [*See* ECF No. 41.] Paragraph 3 of the Scheduling Order further states as follows: "The plaintiff shall make the

disclosures of information required by Fed. R. Civ. 26(a)(2)(A) and (B) for that issue to all other parties and their counsel no later than **July 1, 2018**." [*Id.*]

2. Plaintiff filed and served his expert disclosures on July 3, 2018. [ECF No. 104.] The disclosure identifies four individuals and for each describes, in very general terms, subject matter about which the individual "shall testify." However, the disclosure does not disclose an actual opinion that any individual will provide. Moreover, during Plaintiff's August 13, 2018, deposition, Plaintiff admitted that he had never actually spoken to three of the four individuals identified, he has not engaged any of the individuals, and he cannot tell us what the opinion of any of the disclosed experts would be, or if they even had one as it relates to the underlying facts of this case. Plaintiff's expert disclosure is woefully deficient of the requirements set forth in Fed. R. Civ. P. 26(a)(2) and should be stricken.

3. Defendants anticipate that they may need to disclose a liability expert to opine on the inner-workings of a rehabilitation hospital and the different ways in which a physician with consulting privileges at such a hospital may obtain patients. Defendants may also need to disclose an economist to offer opinions with respect to Plaintiff's lost wage claim. However, without the benefit of the substance of Plaintiff's experts' opinions and the bases for those opinions, Defendants are unable to make a strategic decision as to whether they require experts to successfully defend against Plaintiff's claims. Moreover, given the delay in receiving complete discovery responses and scheduling Plaintiff's deposition, Defendants have thus far been prevented from evaluating whether other experts may be required in this case. In fact, these issues were discussed during the June 12, 2018 hearing regarding Plaintiff's outstanding discovery responses, and the Court acknowledged that Defendants may be entitled to additional time to disclose experts.

4.     Defendants are significantly prejudiced by Plaintiff's failure to comply with the disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2).  Without any information as to the substance of Plaintiff's experts' opinions or the bases for those opinions, Defendants are unable to evaluate whether they need to disclose any experts in this case, and, if so, on what issues and/or topics, or whether rebuttal opinions are necessary.  Nor are Defendants able to determine whether they should incur the expense of deposing Plaintiff's experts in advance of trial.  Accordingly, Plaintiff's failure to provide the information required by the Federal Rules is neither harmless nor substantially justified.  *See* Fed. R. Civ. P. 37(c).

5.     The case law in this jurisdiction supports striking Plaintiff's experts under Fed. R. Civ. P. 37(c).  *See, e.g.*, *King v. Sears Roebuck & Co.*, No. 1:10-cv-01024, 2013 U.S. Dist. LEXIS 24889 (S.D. W.Va. Feb. 22, 2013) (granting motion to strike plaintiff's experts where the disclosure failed to include expert reports).  Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion to Strike Plaintiff's Experts.

6.     Alternatively, Defendants respectfully request that the Court Order Plaintiff to timely supplement his expert disclosure to comply with Fed. R. Civ. P. 26(a)(2) and that the Court also extend Defendants' expert disclosure deadlines until a reasonable time after Plaintiff has supplemented his disclosure.

WHEREFORE, for the foregoing reasons, Defendants collectively request that the Court strike Plaintiff's experts [ECF No. 104] in accordance with Fed. R. Civ. P. 37(c) for failing to comply with Fed. R. Civ. P. 26(a)(2) and this Court's Scheduling Order.  Alternatively, Defendants ask the Court to order that Plaintiff timely supplement his expert disclosure to bring it into compliance with Fed. R. Civ. P. 26(a)(2), and further to grant Defendants an extension of their

expert disclosure deadline until a reasonable time after Plaintiff has supplemented his expert disclosures.

Dated: August __15__, 2018

        Respectfully submitted,

        By: /s/ Ashley Hardesty Odell
        Ashley Hardesty Odell, Esq.
        BOWLES RICE LLP
        7000 Hampton Center
        Morgantown, WV 26505-1720
        Phone: 304 285-2518
        Fax: 304 285-2575
        ahardestyodell@bowlesrice.com

        Kathleen M. McCauley, Esq. (VSB No. 39028)
        C. Dewayne Lonas, Esq. (VSB No. 44298)
        Laura May Hooe, Esq. (VSB No. 84170)
        MORAN REEVES & CONN PC
        100 Shockoe Slip, 4th Floor
        Richmond, Virginia 23219
        Telephone:  (804) 421-6250
        Facsimile:   (804) 421-6251
        kmccauley@moranreevesconn.com
        dlonas@moranreevesconn.com
        lmayhooe@moranreevesconn.com

        *Counsel for Defendants Louis Little and Ginger Dearth*

        /s/ Matthew P. Heiskell
        Matthew P. Heiskell (WVSB# 10389)
        SPILMAN THOMAS & BATTLE PLLC
        48 Donley Street, Suite 800 (26501)
        P.O. Box 615
        Morgantown, WV 26507-0615
        304.291.7920
        304.291.7979 facsimile
        mheiskell@spilmanlaw.com

        *Counsel for Defendants Bharti PLLC, Dr. Sanjay Bharti and Jeremy Larew*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg Division**

| | |
|---|---|
| **AJAI SANDHIR,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | ) |
| | ) Civil Action No.: 1:17-cv-102 – LMB - JFA |
| **LOUIS LITTLE,** *et al.* | ) |
| | ) |
| | ) |
| | ) |
|     **Defendants.** | |

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that the document titled "***Defendants' Motion to Strike Plaintiff's Expert Disclosures, or in the Alternative, to Order Plaintiff to Supplement His Expert Disclosures, and For An Extension of Time for Defendants to Serve Their Expert Disclosures***" was electronically filed with the Clerk of the Court using the CM/ECF system on this 15th day of August 2018, which will send notification of such filing to counsel of record.

The undersigned further certifies that on the 15th day of August 2018, the document titled "***Defendants' Motion to Strike Plaintiff's Expert Disclosures, or in the Alternative, to Order Plaintiff to Supplement His Expert Disclosures, and For An Extension of Time for Defendants to Serve Their Expert Disclosures***" was served on the party listed below by placing a true and accurate copy of the same in the U.S. Mail and by Certified Mail – return receipt requested, postage pre-paid and addressed as follows:

    Ajar Sandhir
    P.O. Box 710231
    Oak Hill, Virginia  20171

    *Plaintiff, Pro Se*

    /s/Ashley Hardesty Odell_____
    Ashley Hardesty Odell, Esq. [WVSB #9380]

10355990.1