IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

AJAI SANDHIR,

        **Plaintiff,**

v.                                           Case No.: 1:17-CV-102
                                                (JUDGE KEELEY)

LOUIS LITTLE, et al.,

        **Defendants.**

## ORDER DIRECTING PLAINTIFF TO SUPPLMENT HIS EXPERT DISCLOSURES AND EXTENDING TIME FOR DEFENDANTS TO FILE THEIR EXPERT DISCLOSURES

       This matter is before the undersigned pursuant to a referral order entered by Honorable District Judge Irene Keeley on June 12, 2017 (ECF No. 7). On February 12, 2018, the parties filed their meeting report and proposed discovery plan following a Rule 26(f) planning meeting. (ECF No. 38). On March 5, 2018, the Court conducted a scheduling conference and, pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f) and Local Rules of Civil Procedure, entered a Scheduling Order setting the dates and deadlines to govern the preparation of this case. (ECF No. 41). Of particular relevance to the instant matter, the undersigned ordered the *pro se* Plaintiff, Ajai Sandhir, to serve his expert disclosures on Defendants in compliance with the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) no later than **July 1, 2018.** (ECF No. 41). In addition, the undersigned ordered Defendants to serve their expert disclosures as required by Fed. R. Civ. P. 26(a)(2)(A) and (B) no later than **August 15, 2018.** (ECF No. 41).

       The *pro se* Plaintiff, Ajai Sandhir filed his expert disclosures on **July 3, 2018**. (ECF No. 104). Plaintiff's expert disclosures are insufficient and do not conform to the requirements set forth in Fed. R. Civ. P. 26(a)(2)(A) and (B). The Plaintiff's expert disclosures name four

potential witnesses to testify as experts at trial. The Plaintiff lists the names of the four individuals he seeks to qualify as experts for purposes of expert testimony at trial along with a one to two sentence description of what the expert "shall testify" to at trial. (ECF No. 104). Accordingly, on **August 15, 2018**, the Defendants filed a Motion to Strike Plaintiff's Expert Disclosures, or in the Alternative, to Order Plaintiff to Supplement His Expert Disclosures, and for an Extension of Time for Defendants to Serve Their Expert Disclosures. (ECF No. 105).

Fed. R. Civ. P. 26(a)(2)(A) and (B) list the precise requirements of an expert disclosure. Specifically, Fed. R. Civ. P. 26(a)(2)(B) provides the information parties must provide if the witness is one "retained or specially employed to provide expert testimony in the case . . ." Fed. R. Civ. P. 26(a)(2)(B). A witness who is "retained or specially employed to provide expert testimony in the case . . ." **must** provide a written report to accompany the party's expert disclosure (emphasis added). More specifically, the information that **must** be provided in the report regarding expert disclosures is listed in Fed R. Civ. P. 26(a)(2)(B)(i-vi) which provides as follows: "The report **must contain:**

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  (vi) a statement of the compensation to be paid for the study and testimony in the case."

Fed. R. Civ. P. 26(a)(2)(B)(i-vi) (emphasis added). The undersigned **FINDS** the Plaintiff's expert disclosures do not meet the requirements set forth above and therefore, **ORDERS** Plaintiff to supplement his expert disclosures with a written report from each of the expert witnesses Plaintiff intends to call at trial. Plaintiff must file and serve the supplemental expert disclosures on Defendants by **Wednesday, September 12, 2018,** two weeks from the date of this Order. The Plaintiff **must** supplement his expert disclosures specifically to include the information set forth above and referenced in Fed. R. Civ. P. 26(a)(2)(B)(i-vi). Failure to appropriately supplement the expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2)(B)(i-vi) will cause this Court to strike Plaintiff's expert disclosures. As a result, the Plaintiff's expert witnesses will be prohibited from testifying at trial.

  Accordingly, the undersigned further **ORDERS** Defendant's time to file expert disclosures be extended from August 15, 2018 as originally set forth in the Scheduling Order (ECF No. 41), to **Wednesday, September 26, 2018,** two weeks from the time given to Plaintiff to supplement his expert disclosures. As a result, the undersigned **ORDERS** Defendant's Motion to Strike Plaintiff's Expert Disclosures, or in the Alternative, to Order Plaintiff to Supplement His Expert Disclosures, and for an Extension of Time for Defendants to Serve Their Expert Disclosures (ECF No. 105) be **DENIED IN PART** as to the Motion to Strike Plaintiff's Expert Disclosures and **GRANTED IN PART** as to the Alternative relief requested.

  It is so **ORDERED.**

The Clerk is directed to send a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: August 29, 2018.

```
_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE
```