# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AJAI SANDHIR,

      Plaintiff,

v.                            CIVIL ACTION NO. 1:17cv102
                                      (Judge Keeley)

LOUIS LITTLE,
Individually and collectively;
SANJAY BHARTI, MD, PLLC;
SANJAY BHARTI,
Individually and collectively;
JEREMY LAREW,
Individually and collectively; and
GINGER DERTH,
Individually and collectively,

      Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW

## I.

On May 19, 2017, the <u>pro se</u> plaintiff, Ajai Sandhir ("Sandhir"), filed a complaint against Louis Little, Sanjay Bharti, MD, PPLC, Sanjay Bharti, Jeremy Larew, and Ginger Dearth[1] (collectively, "the defendants") in the United States District Court for the Eastern District of Virginia (Dkt. No. 1). In his complaint, Sandhir alleges two counts of tortious interference with a business relationship, one count of aiding and abetting, and one

---

[1] In their briefing on the pending motions to dismiss, the parties agree that Sandhir misstates Dearth's surname as "Derth" in his complaint.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

count of civil conspiracy to injure another in trade, business, or profession. Sandhir's claims stem from his business relationship with a rehabilitation hospital located in Morgantown, West Virginia, through his former employer, Sanjay Bharti, MD, PLLC. Id.

Upon an initial review of the case, the Honorable Leonie M. Brinkema, United States District Judge for the Eastern District of Virginia, concluded that the Eastern District is not the proper venue for the case "because four of the five defendants are residents of West Virginia and the relevant events appear to have transpired in West Virginia." Accordingly, pursuant to 28 U.S.C. § 1404(a), Judge Brinkema transferred the action to this Court on June 9, 2017 (Dkt. No. 4).

Pursuant to 28 U.S.C. § 636 and this Court's local rules, the Court referred the complaint to United States Magistrate Judge Michael J. Aloi for initial review (Dkt. No. 7). Thereafter, defendants Louis Little ("Little") and Ginger Dearth ("Dearth") moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for failure to timely serve the complaint in compliance with Rule 4(m) (Dkt. No. 14). In a separate joint motion, defendants Sanjay Bharti, MD, PPLC, Sanjay Bharti, and Jeremy Larew (collectively, "the Bharti Defendants") similarly

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

moved to dismiss the complaint under Rule 12(b)(5) for failure to timely and properly complete service (Dkt. No. 24). Sandhir filed a response in opposition to Little and Dearth's motion to dismiss (Dkt. No. 26) but did not file a separate response to the Bharti Defendants' motion.

Magistrate Judge Aloi's report and recommendation ("R&R") recommended that the Court deny both motions to dismiss for insufficient service of process because Sandhir had shown good cause for his failure to timely serve the complaint (Dkt. No. 34 at 6-7). The R&R further concluded that, even if good cause had not been shown, the Court should permit Sandhir a discretionary extension of time in which to complete service, because the defendants have actual notice of the lawsuit and would not be prejudiced by such an extension. Id. at 7-9. The R&R also warned the parties that their failure to object to the recommendations would result in the waiver of any appellate rights they might otherwise have on this issue. Id. at 10.

## II.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND
RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO
DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE
SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). While Little and Dearth did not file any objections to the R&R, the Bharti Defendants filed a timely "Objection to Magistrate Judge's Report and Recommendation" (Dkt. No. 37). Accordingly, the Court will review de novo those portions of the magistrate judge's recommendations to which an objection was filed. The remaining portions it will review for clear error only.

## III.

The Bharti Defendants object to the following recommendations in the R&R: 1) that the Court should find that good cause existed for Sandhir's failure to timely serve them in compliance with Rule 4(m); and 2) that, even if good cause did not exist, the Court should exercise its discretion to extend the deadline to complete

4

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND
RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO
DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE
SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

service of process (Dkt. No. 37). The Court will address each of
these objections in turn below.

**A.     Good Cause**

Federal Rule of Civil Procedure 4(c)(1) provides that a
plaintiff is responsible for serving a summons, together with a
copy of the complaint, within the time requirements set forth under
Rule 4(m). Rule 4(m), in turn, provides in pertinent part,

> [i]f a defendant is not served within 90 days after the
> complaint is filed, the court--on motion or on its own
> after notice to the plaintiff--must dismiss the action
> without prejudice against that defendant or order that
> service be made within a specified time. **But if the
> plaintiff shows good cause for the failure, the court
> must extend the time for service** for an appropriate
> period ....

Fed. R. Civ. P. 4(m) (emphasis added).

A showing of good cause under Rule 4(m) is often predicated on
some outside factor and is therefore "likely . . . to be found when
the plaintiff's failure to complete service in timely fashion is a
result of the conduct of a third person, typically the process
server, the defendant has evaded service of the process or engaged
in misleading conduct, the plaintiff has acted diligently in trying
to effect service or there are understandable mitigating
circumstances, or the plaintiff is proceeding <u>pro se</u> or <u>in forma</u>

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

_pauperis._" 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed. 2018).

Pro se status, however, is not automatically enough to constitute good cause for purposes of Rule 4(m). See, e.g., Tann v. Fisher, 276 F.R.D. 190, 193 (D. Md.), aff'd, 458 Fed.Appx. 268 (4th Cir. 2011) ("Pro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly.") (quoting Hansan v. Fairfax Cnty. Sch. Bd., 405 Fed.Appx. 793, 794 (4th Cir. 2010) (internal quotation marks omitted). Irrespective of pro se status, "[t]o establish good cause, the plaintiff generally must exercise reasonable diligence in trying to effect service." Miller v. Tucker, No. 2:13-CV-21753, 2014 WL 989204, at *1 (S.D.W.Va. Mar. 13, 2014).

Here, the parties do not dispute that Sandhir filed his pro se complaint in the Eastern District of Virginia on May 19, 2017 (Dkt. No. 1). Therefore, under Rule 4(m), he was required to serve the summonses and complaint no later than ninety (90) days from that date, or by August 19, 2017. Because Sandhir did not attempt to serve the Bharti Defendants until October 20, 2017,[2] over two

---

[2] As further discussed in Part III.B, infra, Sandhir attempted to effect service by causing summonses directed to the Bharti

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND
RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO
DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE
SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

months after the expiration of the 90-day service period, his
purported service was untimely.

Sandhir alleges that the Court must extend the time for
service under Rule 4(m)'s good cause exception because, during a
visit to the Clerk of Court on August 7, 2017, the Clerk reissued
copies of the complaint and summonses, and advised him that he had
ninety (90) days from *that* date, or until November 6, 2017, to
complete service in the case (Dkt. No. 26 at 2-3). Accordingly, he
concluded that it was unnecessary for him to move to extend the
service deadline. Id. at 3. Further, Sandhir contends that he
properly effected service on "[a]ll Defendants' [sic] in the
action" before November 6, 2017, and thus was within what he
understood to be the proper time frame for service. Id. Based on
this misunderstanding, Sandhir argues that good cause exists for
his failure to timely serve the Bharti Defendants.

Notwithstanding Sandhir's unsubstantiated allegation that the
Clerk misinformed him about the deadline for service, he was
undisputedly informed, pursuant to the Court's Notice of General
Guidelines for Appearing Pro Se in Federal Courts ("the Notice")

---

Defendants to be hand-delivered to the office of defendant Sanjay
Bharti, MD, PLLC. See Dkt. Nos. 21, 22, and 23.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

received by him in person on August 7, 2017, that "District Judges, Magistrate Judges, <u>Pro Se</u> Law Clerk and **the Clerk's Office cannot provide [a <u>pro se</u> litigant] with legal advice**" (Dkt. No. 6 at 2)(emphasis added). The Notice further advised Sandhir that, while the Clerk's Office "can provide you with the proper forms to file civil actions and advise you as to the status of your case, . . . [t]he Clerk cannot answer questions such as 'Should I file a motion for appointment of counsel?' or similar questions. **You have to decide those questions on your own.**" <u>Id.</u> (emphasis added).

Despite having received the Guidelines, Sandhir attempts to blame his failure to timely serve the defendants on "legal advice" purportedly provided by the Clerk's Office to excuse his failure to comply with Federal Rules of Civil Procedure. However, because a <u>pro se</u> plaintiff may not rely upon legal advice provided by court staff in pursuing an action, and Sandhir knew that, the Court concludes Sandhir has not shown good cause to entitle him to additional time for service on that ground. See <u>Miller</u>, 2014 WL 989204, at *2 (finding no good cause where "the only asserted grounds on which Plaintiff seeks to establish good cause is counsel's unfamiliarity with the rules governing service in federal

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND
RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO
DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE
SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

court"); Fed. R. Civ. P. 4(m)("[I]f the plaintiff shows good cause
for the failure, the court must extend the time for service for an
appropriate period.").

**B.    Discretionary Extension**

Although Sandhir has not established good cause for his
failure to serve the Bharti Defendants, Rule 4(m) authorizes
district courts to extend the time period for service even in the
absence of good cause. <u>See</u> Fed. R. Civ. P. 4(m) (permitting courts
to either dismiss the action without prejudice if service is not
made in 90 days, or order "that service be made within a specified
time"). Indeed, the Advisory Committee Notes to Rule 4(m) provide
that the amendment of the rule "permits a district court to enlarge
the time for service 'even if there is no good cause shown.'"
<u>Henderson v. United States</u>, 517 U.S. 654, 658 n.5 (1996)
(observing, in dicta, that under the 1993 Amendment to Rule 4,
courts have the discretion to extend the time for service even
absent a showing of good cause).[3]

_____

[3] Although several of the decisions cited in this discussion
refer to the 120-day period that applied between 1983 and 2015, they
remain instructive on issues raised by Rule 4(m), even though the
deadline for serving process has since been reduced to 90 days.

9

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

Citing both <u>Henderson</u> and the Advisory Committee Notes, several district courts in the Fourth Circuit, including courts in this district, have held that a district court may grant an extension for the time to file service under Rule 4(m), even if good cause has not been shown. <u>See, e.g.</u>, <u>AST Products, Inc. v. Medkote, LLC</u>, No. 3:12-05403, 2013 WL 2368071, at *4 (S.D.W.Va. May 29, 2013) (holding that a district court has the discretion to extend the time period for service under Rule 4(m) even if the plaintiff has not shown good cause for extension); <u>Wallace v. Cmty. Radiology</u>, No. 1:09-0511, 2011 WL 4596694, at *5 (S.D.W.Va. Sept. 30, 2011) (holding same), <u>Bruce v. City of Wheeling</u>, No. 5:07CV76, 2008 WL 4763274, at *5 (N.D.W.Va. Oct. 29, 2008)(Stamp, J.) (holding same); <u>see also</u> <u>Giacomo-Tano v. Levine</u>, 1999 WL 976481, at *2 (4th Cir. 1999) (unpublished) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.") (citing <u>Henderson</u>, 517 U.S. at 658 n.5).

In <u>Bruce v. City of Wheeling</u>, Judge Stamp explained that "[s]everal factors may be considered in determining whether to grant an extension to a plaintiff who has not shown good cause":

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND
RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO
DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE
SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

> Included among those factors are whether a statute of
> limitations bar would preclude the plaintiff from
> re-filing, whether an extension will prejudice the
> defendant, whether the defendant had actual notice of the
> lawsuit, and whether the plaintiff eventually effected
> service.

Bruce, 2008 WL 4763274, at *5 (citing Troxell v. Fedders of North

America, Inc., 160 F.3d 381 (7th Cir. 1998)). Other courts have

held that "even if good cause is no longer an absolute requirement

under Rule 4(m), [the Court] would still need to have some reasoned

basis to exercise its discretion and excuse untimely service: the

Court must give some import to the rule." See, e.g., Hoffman v.

Baltimore Police Dep't, 379 F.Supp.2d 778, 786 (D.Md. 2005).

Here, the Bruce factors weigh in favor of extending the time

in which Sandhir may complete service in the case. First, the

applicable statute of limitations would appear to bar at least some

of Sandhir's claims if the case were dismissed. See Am. Muscle

Docks & Fabrication, LLC v. Merco, Inc., 187 F. Supp. 3d 694, 705

(N.D.W.Va. 2016) ("[T]he two-year statute of limitations governing

actions for damage to property, set forth under W. Va. Code,

55-2-12, applies to an action for tortious interference with

business relationship.") (citing Garrison v. Herbert J. Thomas

Memorial Hosp. Ass'n, 438 S.E.2d 6, 14 (W. Va. 1993)).

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

Furthermore, the Bharti Defendants have actual notice of the lawsuit, as demonstrated by their filing of the motions now pending before the Court (Dkt. Nos. 14, 24). Indeed, they likely have had actual notice of this suit since at least October 20, 2017, when Sandhir attempted service by causing summonses directed to them to be hand-delivered to the office of Sanjay Bharti, MD, PLLC.[4] Accordingly, there is no basis for concluding that the Bharti Defendants would be prejudiced by a brief extension of time for service of the summonses and original complaint.

For these reasons, and after carefully considering the relevant factors, the Court exercises its discretion and extends the deadline for service, finding that, even absent a showing of good cause, such an extension is warranted under the circumstances.

---

[4] Defendant Sanjay Bharti, MD, PLLC, is a West Virginia professional limited liability company ("the Company") with its principal office address at 4000 Hampton Center, Suite B, Morgantown, West Virginia (Dkt. No. 1). Defendant Sanjay Bharti is a member of the company, and defendant Jeremy Larew is an employee of the Company. Id. According to the Bharti Defendants, "Tara Steed is not a defendant; she is employed by the Company as the Practice Administrator. She is not an officer or member of the Company or an authorized agent for service of process on the Company. Ms. Steed also is not an agent for service of process on the individual defendants Dr. Bharti and Mr. Larew" (Dkt. No. 36 at 3). Nonetheless, on October 20, 2017, Steed was served at 4000 Hampton Center, Suite B, with summonses directed to the Bharti Defendants (Dkt. Nos. 21, 22, and 23).

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

Accordingly, it extends the deadline for service of the summonses and original complaint for thirty (30) days from the entry of this Order. See, e.g., Arnold v. Lowe's Home Improvement, LLC, No. 408CV2617-RBH, 2009 WL 3151862, at *3 (D.S.C. Sept. 24, 2009) (denying motion to dismiss for insufficient service and exercising discretion to extend plaintiff's deadline for service).

**IV.**

Therefore, following a de novo review of the Bharti Defendants' objections, and finding no clear error in those portions of the R&R not specifically objected to, the Court:

1. **ADOPTS** the R&R to the extent consistent with this Order (Dkt. No. 34);

2. **DENIES** Little and Dearth's motion to dismiss (Dkt. No. 14);

3. **DENIES** the Bharti Defendants' motion to dismiss (Dkt. No. 24); and

4. **DIRECTS** Sandhir to serve defendants Sanjay Bharti, MD, PPLC, Sanjay Bharti, and Jeremy Larew within thirty (30) days from the entry of this Order.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 34], DENYING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 14, 24] AND DIRECTING PLAINTIFF TO SERVE SANJAY BHARTI, MD, PLLC, SANJAY BHARTI, AND JEREMY LAREW**

Should Sandhir fail to timely and properly serve the Bharti Defendants pursuant to Federal Rules of Civil Procedure 4(e), 4(h), and this Order, his claims shall be subject to dismissal.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> plaintiff, certified mail and return receipt requested. It further **DIRECTS** the Clerk to amend the caption in this case to reflect the correct spelling of the defendant's surname as "Dearth."

DATED: August 30, 2018

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE