IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

| | |
|---|---|
| AJAI SANDHIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00102-IMK-MJA |
| | ) |
| LOUIS LITTLE, *et al.* | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SECOND MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES AND SUPPLEMENTAL EXPERT DISCLOSURES FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26(a)(2)**

COME NOW Defendants Louis Little, Ginger Dearth, Sanjay Bharti, MD, PLLC, Sanjay Bharti, and Jeremy Larew (collectively, "Defendants"), by their respective counsel, and hereby file this Second Motion to Strike Plaintiff's Expert Disclosures & Supplemental Expert Disclosures [ECF Nos. 104 & 111] for failure to comply with Fed. R. Civ. P. 26(a)(2), the Scheduling Order [ECF No. 41], and this Court's Order entered on August 29, 2018 [ECF No. 107.]  In further support of their Motion, Defendants respectfully state as follows:

1.     On August 15, 2018, Defendants moved to strike Plaintiff's Expert Disclosures [ECF No. 104, hereinafter "Defendants' First Motion to Strike"] for failure to comply with Fed. R. Civ. P. 26(a)(2) and this Court's Scheduling Order. [ECF No. 105.]  As set forth in more detail in Defendants' First Motion to Strike – which Defendants incorporate herein by reference – Plaintiff's original disclosure was filed two days late, failed to provide any expert reports, failed to disclose any of the opinions which his experts are expected to offer at trial, and failed to include copies of the each expert's *curriculum vitae* and prior testimony list.  It was further revealed during Plaintiff's deposition that he had not actually retained any of the four experts identified in his

original disclosure and had only spoken to one of them – Pedro Diaz.  However, Mr. Diaz had not agreed to provide opinion testimony for Plaintiff at trial and had not sent Plaintiff a rate schedule for his expert services.  As an alternative to striking Plaintiff's original expert disclosures, Defendants asked that the Court order Plaintiff to supplement the disclosures with the information required by Fed. R. Civ. P. 26(a)(2)(B) and extend Defendants' expert disclosure deadlines until a reasonable time after Plaintiff supplemented his disclosure. [*Id.*]

2. On August 29, 2018, the Court issued its ruling on Defendants' First Motion to Strike. [ECF No. 107.] After discussing in detail the requirements for expert disclosures under Fed. R. Civ. P. 26(a)(2)(B), the Court held that Plaintiff's Expert Disclosures [ECF No. 104] failed to comport with those requirements:

> The undersigned **FINDS** the Plaintiff's expert disclosures do not meet the requirements set forth above and therefore, **ORDERS** Plaintiff to supplement his expert disclosures with a written report from each of the expert witnesses Plaintiff intends to call at trial.  Plaintiff must file and serve the supplemental expert disclosures on Defendants by **Wednesday, September 12, 2018**, two weeks from the date of this Order. The Plaintiff **must** supplement his expert disclosures specifically to include the information set forth above and referenced in Fed. R. Civ. P. 26(a)(2)(B)(i-iv).  Failure to appropriately supplement the expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2)(B)(i-iv) will cause this Court to strike Plaintiff's expert disclosures.  As a result, the Plaintiff's expert witnesses will be prohibited from testifying at trial.

[*Id.* at 3, emphasis in original.]  The Court further extended Defendants' expert disclosure deadline to September 26, 2018.  [*Id.*]

3. Plaintiff filed his Supplemental Expert Disclosures on September 12, 2018.  [ECF No. 111.]  However, rather than supplementing his original disclosure to provide the information required by Fed. R. Civ. P. 26(a)(2)(B)(i-iv) as ordered by the Court, Plaintiff's "supplemental" disclosure merely identifies two *new* experts whose disclosures contain the same deficiencies as those described in his original expert disclosures made on July 3, 2018.  [*See* ECF Nos. 104 &

2

111.]  While Plaintiff's Supplemental Expert Disclosures add a few more sentences to the disclosure of Robert Marquardt, LFACHE, the minimal information still falls well short of the requirements of Fed. R. Civ. P. 26(a)(2)(B)(i-iv).  Most notably, the supplemental disclosure fails to articulate **a single opinion** any of Plaintiff's disclosed experts – including Mr. Marquardt – intend to offer at trial.  Nor has Plaintiff produced written reports signed by the experts or list of qualifications and prior testimony lists, as required Fed. R. Civ. P. 26(a)(2)(B)(i-iv).  [*See id.*]

4. As previously articulated, Defendants are significantly prejudiced by Plaintiff's failure to comply with the disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2).  Without any information as to the substance of Plaintiff's experts' opinions or the bases for those opinions, Defendants are unable to evaluate whether they need to disclose any experts in this case, and, if so, on what issues and/or topics, or whether rebuttal opinions are necessary.  Nor are Defendants able to determine whether they should incur the expense of deposing Plaintiff's experts in advance of trial.  Accordingly, Plaintiff's failure to provide the information required by the Federal Rules is neither harmless nor substantially justified.  *See* Fed. R. Civ. P. 37(c).

5. Despite the Court's detailed explanation to Plaintiff as to what must be included in his expert disclosures and its warning that "[f]ailure to appropriately supplement the expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2)(B)(i-iv) will cause the Court to strike Plaintiff's expert disclosures," Plaintiff still has not brought its expert disclosures into compliance with the Federal Rules. [ECF No. 107 at 3.]

6. The case law in this jurisdiction further supports striking Plaintiff's experts under Fed. R. Civ. P. 37(c).  *See, e.g.*, *King v. Sears Roebuck & Co.*, No. 1:10-cv-01024, 2013 U.S. Dist. LEXIS 24889 (S.D. W.Va. Feb. 22, 2013) (granting motion to strike plaintiff's experts where the disclosure failed to include expert reports).  Based on the foregoing, Defendants respectfully

3

request that the Court grant Defendants' Second Motion to Strike Plaintiff's Expert Disclosures and Supplemental Expert Disclosures for failure to comply with Fed. R. Civ. P. 26(a)(2).

WHEREFORE, for the foregoing reasons, Defendants collectively request that the Court strike Plaintiff's expert disclosures [ECF No. 104] and supplemental expert disclosures [ECF No. 111] in accordance with Fed. R. Civ. P. 37(c) for failing to comply with Fed. R. Civ. P. 26(a)(2) the Scheduling Order, and this Court's Order entered August 29, 2018.

Dated: September 19, 2018

        Respectfully submitted,

        By: /s/Ashley Hardesty Odell_____
        Ashley Hardesty Odell, Esq. [WVSB #9380]
        BOWLES RICE LLP
        7000 Hampton Center
        Morgantown, WV 26505-1720
        Phone: 304 285-2518
        Fax: 304 285-2575
        ahardestyodell@bowlesrice.com

        Kathleen M. McCauley, Esq. *Pro Hoc Vice*
        C. Dewayne Lonas, Esq. *Pro Hoc Vice*
        Laura May Hooe, Esq. *Pro Hoc Vice*
        MORAN REEVES & CONN PC
        100 Shockoe Slip, 4th Floor
        Richmond, Virginia 23219
        Telephone:  (804) 421-6250
        Facsimile:   (804) 421-6251
        kmccauley@moranreevesconn.com
        dlonas@moranreevesconn.com
        lmayhooe@moranreevesconn.com

        *Counsel for Defendants Louis Little and Ginger Dearth*

/s/Matthew P. Heiskell
Matthew P. Heiskell [WVSB# 10389]
SPILMAN THOMAS & BATTLE PLLC
48 Donley Street, Suite 800 (26501)
P.O. Box 615
Morgantown, WV 26507-0615
304.291.7920
304.291.7979 facsimile
mheiskell@spilmanlaw.com

*Counsel for Defendants Bharti PLLC, Dr. Sanjay Bharti and Jeremy Larew*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg Division**

**AJAI SANDHIR,**

    **Plaintiff,**

**v.**                                                                        **Civil Action No.:  1:17-cv-102**

**LOUIS LITTLE, et al.,**

    **Defendants.**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that the document titled "***Defendants' Second Motion to Strike Plaintiff's Expert Disclosures and Supplemental Expert Disclosures for Failure to Comply with Fed.R.Civ.P. 26(a)(2)***" was electronically filed with the Clerk of the Court using the CM/ECF system on this 19th day of September 2018, which will send notification of such filing to counsel of record.

The undersigned further certifies that on the 19th day of September 2018, the document titled "***Defendants' Second Motion to Strike Plaintiff's Expert Disclosures and Supplemental Expert Disclosures for Failure to Comply with Fed.R.Civ.P. 26(a)(2)***" was served on the party listed below by placing a true and accurate copy of the same in the U.S. Mail and by Certified Mail – return receipt requested, postage pre-paid and addressed as follows:

Ajai Sandhir
P.O. Box 710231
Oak Hill, Virginia  20171
Dralexmd86@gmail.com

*Plaintiff, Pro Se*

                                                                         /s/Ashley Hardesty Odell_____
                                                                         Ashley Hardesty Odell, Esq. [WVSB #9380]

10466066.1