**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**AJAI SANDHIR,**

    **Plaintiff,**

 **v.**

**LOUIS LITTLE,**
**Individually and Collectively;**
**SANJAY BHARTI, MD, PLLC;**
**SANJAY BHARTI,**
**Individually and Collectively;**
**JEREMY LAREW,**
**Individually and Collectively; and**
**GINGER DERTH,**
**Individually and Collectively,**

   **Defendants.**

          **Case No.: 1:17-CV-102**
          **(JUDGE KLEEH)**

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED

   Pending before the Court is Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D., P.L.L.C.'s, Motion to Dismiss for Failure to State a Claim in *Count V of the Amended Complaint* (ECF No. 63), Defendants Ginger Dearth and Louis Little's Motion to Dismiss for Failure to State a Claim in *Amended Complaint* (ECF No. 65), Plaintiff Ajai Sandhir's Motion to Strike Defendants' Expert Witness (ECF No. 127), and Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D. P.L.L.C.'s Objections to *Plaintiff's Subpoena to Monongalia County General Hospital* (ECF No. 135). This matter was referred to the undersigned United States Magistrate Judge by Order of Honorable Senior United States District Judge Irene M. Keeley on June 12, 2017 (ECF. NO. 7). This case was reassigned to Honorable United States District Judge Thomas S. Kleeh on December 1, 2018 (ECF No. 131).

1

For the reasons set forth herein, the undersigned **RECOMMENDS** the Defendants, Ginger Dearth and Louis Little's Motion to Dismiss for Failure to State a Claim in *Amended Complaint* (ECF No. 65) be **GRANTED**, Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D., P.L.L.C.'s Motion to Dismiss for Failure to State a Claim in *Count V of the Amended Complaint* (ECF No. 63) be **GRANTED,** and Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D. P.L.L.C.'s Objections to *Plaintiff's Subpoena to Monongalia County General Hospital* (ECF No. 135) which the undersigned has construed as a Motion to Quash Subpoenas, be **DENIED AS MOOT.** The undersigned further **RECOMMENDS** Plaintiff's Motion to Strike Defendants' Expert Witness (ECF No. 127) be **DENIED AS MOOT** and Plaintiff's *Amended Complaint* be **DISMISSED WITH PREJUDICE** and stricken from the docket.

## I.     Procedural History

On May 19, 2017, the *pro se* Plaintiff, Ajai Sandhir, filed a Complaint against Louis Little, Sanjay Bharti, M.D., P.L.L.C., Sanjay Bharti, Jeremy Larew, and Ginger Dearth (collectively, "the defendants") in the United States District Court for the Eastern District of Virginia (ECF No. 1). In his Complaint, the Plaintiff alleged two counts of tortious interference with business relationship, one count of aiding and abetting, and one count of civil conspiracy to injure another in trade, business, or profession. (ECF No. 1). The Plaintiff's claims arise from his alleged business relationship with a rehabilitation hospital located in Morgantown, West Virginia, through his former employer, Sanjay Bharti, M.D., P.L.L.C. Id.

Upon an initial review of the case, the Honorable Leonie M. Brinkema, United States District Judge for the Eastern District of Virginia, concluded the Eastern District of Virginia is not the proper venue for the case "because four of the five defendants are residents of West Virginia and the relevant events appear to have transpired in Wet Virginia." Accordingly, pursuant to 28

U.S.C. Section 1404(a), Judge Brinkema transferred the action to the United States District Court for the Northern District of West Virginia on June 9, 2017. (ECF No. 4).

On September 25, 2017 and November 3, 2017, the Defendants filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(5) and 4(m) (ECF No. 14) and Motion to Dismiss the Complaint for Improper Service of Process (ECF No. 24). Following the undersigned's issuance of a Report and Recommendation to the United States District Judge on January 29, 2018 (ECF No. 34), the Court denied the Defendants' Motions to Dismiss by Order on August 30, 2018 (ECF No. 108).

On March 28, 2018, Plaintiff filed an Amended Complaint (ECF No. 49) adding a Count V alleging defamation against the Defendants. While the Defendants initial motions to dismiss for improper service were pending before the Court, the Defendants filed the motions that are the subject of this Report and Recommendation. Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D., P.L.L.C.'s, filed a Motion to Dismiss for Failure to State a Claim in *Count V of the Amended Complaint* (ECF No. 63) on May 16, 2018, and Defendants Ginger Dearth and Louis Little filed a Motion to Dismiss for Failure to State a Claim in *Amended Complaint* (ECF No. 65) on May 17, 2018. Thereafter, the Court issued a *Roseboro Notice* to the *pro se* Plaintiff on May 18, 2018 notifying him of his right to respond to Defendants' motions to dismiss. (ECF No. 66) Plaintiff filed his Response and Memorandum in Support on June 8, 2018. (ECF Nos. 92, 93). This matter is now ripe for report and recommendation to the United States District Judge.[1]

## II.   <u>Contentions of the Parties</u>

### A.  Plaintiff's Amended Complaint

---

[1] The undersigned notes that Plaintiff's Response (ECF No. 92) is titled "Plaintiff's Response to Roseboro Notice and Defendant Little and Dearth's Motion to Dismiss" (ECF No. 65). While Plaintiff has not filed a separate response to the motion made by Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D., P.L.L.C. (ECF No. 63), Plaintiff's response to Defendants Little and Dearth's motion addresses Count V of his Amended Complaint.

In Plaintiff's Amended Complaint ("Pl's Amended Compl.") (ECF No. 49), regarding Plaintiff's original Complaint ("Pl's Compl."), Plaintiff states that "[p]aragraphs 1 through 47 are incorporated and re-alleged herein." (Pl's Amended Compl., ECF No. 49 at 1). Paragraphs one through forty-seven of Plaintiff's Complaint alleged four counts. Each will be discussed in turn before reaching the addition of Count V alleged in Plaintiff's Amended Complaint.

### 1. Count One. Tortious Interference with Business Relationship

In Count One of Plaintiff's Complaint, Plaintiff alleges tortious interference with business relationship against the Defendants both individually and collectively. (Pl's Compl. ECF No. 1, at 3). In support of this allegation, Plaintiff states that Defendant Jeremy Larew is a physician assistant who "represents to the public as Clinical operations Manager of Sanjay Bharti M.D., P.L.L.C." Id. at ¶ 2. Defendant Ginger Dearth is the "Marketing Director at Mountainview Healthsouth Rehabilitation Hospital ("HSMV") in Morgantown. Id. at ¶ 3. Defendant Sanjay Bharti, M.D., P.L.L.C. is a "West Virginia Corporation engaged in the business of patient care service and third-party billing and collection for medical services" and has been engaged in business "since November 23, 2005." Id. at ¶ 4. Defendant Sanjay Bharti, M.D. is a natural person. Id. at ¶ 5. Defendant Louis Little "is the former Chief Executive Officer of Mountainview HealthSouth Rehabilitation Hospital." Id. at ¶ 6.

Plaintiff states that he was employed by Defendant, Sanjay Bharti, M.D., P.L.L.C. from March 10 through August 29, 2014 (Pl's Compl., ECF No. 1, at 5, ¶ 11). Dr. Bharti, P.L.L.C. "provided medical consultation services to all patients admitted to the Physical Medicine and Rehabilitation ("PM&R") service of Dr. Russell Biundo at Healthsouth Morgantown." Id. at ¶ 12. Plaintiff states that on October 1, 2014 Dr. Biundo, Inc., "severed relationships with Bharti PLLC." Id. at ¶ 16. Further, "Bharti, PLLC on October 1, 2014 and thereafter only admitted self-referred

patients from MonGeneral, Fairmont Regional Medical Center and Preston Memorial to HealthSouth Rehabilitation Hospital and poorly attempted to coordinate their rehabilitation management." Id. at ¶ 17. On or about October 2014, "Plaintiff consulted upon patients admitted under Dr. Biundo's service for medical related issues during their rehabilitation stay at HealthSouth MV." Id. at ¶ 19.

Plaintiff states that Defendant Louis Little began his term as HSMV CEO in February of 2015. (Pl's Compl., ECF No. 1, at 6, ¶ 22). On the morning of Wednesday, February 18, 2015, Plaintiff alleges that a meeting occurred between Defendants Dr. Sanjay Bharti, Jeremy Larew, Ginger Derth, and HealthSouth CEO Louis Little. Id. at ¶ 23. During this meeting, Plaintiff claims that "Dr. Bharti leveraged his referral position and repeatedly threatened to stop, curtain, in-patient referrals during negotiations and conversations with hospital administration." Id. Plaintiff alleges that Bharti PLLC had suffered a reduction in its daily census of patients causing Bharti PLLC to have lost "significant revenue and income." Id. at ¶ 25.

Subsequently, Plaintiff states that "HealthSouth Administration Ginger Derth and Louis Little aggressively directed a course of action to eliminate further medical consultation services of Plaintiff upon Dr. Biundo's HealthSouth Mountainview in-hospital patients services" and thereby "reward Dr. Sanjay Bharti PLLC with referrals." Id. at ¶ 27. Plaintiff further states that "Health South administration in conjunction with Bharti PLLC fraudently [sic] misrepresented to patients that Plaintiff was relocating and was not accepting consultations." Id. at ¶ 28. Nursing services as well as therapists at HSMV were "similarly informed 'that Dr Sandhir (Plaintiff) was leaving.'" Id. at ¶ 29. Plaintiff alleges that he learned of this misrepresentation when "he was informed by patients, patient's families and staff that they were informed 'he (the Plaintiff) was leaving and not

(emphasis added) not accepting." Id. at ¶ 30. Plaintiff states that he has not, at any time "refused the acceptance of consultation services on in-patients at health south Mountainview." Id. at ¶ 31.

Plaintiff alleges that "Healthsouth administration and Bharti PLLC" committed tortious interference "in the business of Plaintiff by deliberately misleading patients and steering patients to reward Bharti PLLC for his referral business" and is in "direct violation of the Anti-Kick Back Statute under Medicare." Id. at ¶ 32. Plaintiff claims the "Defendants employed 'improper methods' – illegal or independently" tortious, "such as violations of statutes, regulations or recognized common-law rules. Include violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information . . ." to effect the interference alleged. Id. at ¶ 33. Plaintiff states that as a "direct and proximate result of the Defendants willful, wanton, wrongful, knowing, intentional, and malicious conduct of'" tortious interference "terminated the business relationship, causing Plaintiff to suffer substantial damages in his lawful business, economic rights and professional reputation." Id. at ¶ 34.

Plaintiff further claims that the actions of the Defendants were "intentional and willful" and were "calculated to cause damage and loss to the Plaintiff." (Pl's Compl., ECF No. 1, at 8, ¶ 35). Plaintiff states that the Defendants engaged in the alleged interference with "malice toward Plaintiff and a desire to injure plaintiff economically, and with wantonness and disregard of plaintiff's rights." Id. at ¶ 36. Plaintiff alleges the Defendants' conduct was "intended to and did destroy Plaintiff's business relationship with the third party, thereby destroying Plaintiff's expectancy of economic gain." As a result of the Defendants' conduct, Plaintiff claims he suffered "the loss of approximately $20,000,000 on account of the scheme and artifice." (Pl's Compl., ECF No. 1, at 9, ¶ 43).

### 2.  Count Two. Tortious Interference with Business Expectancy

In Plaintiff's Complaint, he simply restates Count Two as tortious interference with business relationship and realleges the allegations contained in paragraphs one through forty-four of his Complaint. Id. at ¶ 45. However, in Plaintiff's Response to Roseboro Notice (ECF No. 92) Plaintiff states Count Two should read, in the alternative Tortious Interference with Business Advantage. Meanwhile, in Plaintiff's Memorandum in Support (ECF No. 93), Plaintiff states Count Two should read, in the alternative, Tortious Interference with Business Expectancy. (ECF No. 93, at 5, ¶ 34). It is unclear to the undersigned what specific claim Plaintiff intends to allege in Count Two, however, Plaintiff does not allege any new facts in his Response or his Memorandum in Support in regard to his claim on Count Two. As a result, the undersigned will utilize the facts of paragraphs one through forty-four of Plaintiff's Original Complaint which were realleged in support of Count Two in Plaintiff's Amended Complaint.

### 3.  Count Three. Aiding and Abetting

Similarly, in Plaintiff's Complaint (ECF No. 1) and his Amended Complaint (ECF No. 49), in support of Count Three, Plaintiff merely states "Paragraphs 1 through 45 are incorporated and re-alleged herein." (Pl's Compl., ECF No. 1 at 9, ¶ 46) (Pl's Amended Compl., ECF No. 49, at 1, ¶ 48).

### 4.  Count Four. Civil Conspiracy to Injure Another in Trade, Business or Profession

Again, as in Counts Two and Three, Plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 49) simply state in support of Count Four, civil conspiracy to injure another in trade, business, or profession that "[p]aragraphs 1 through 46 are incorporated and re-alleged herein." (Pl's Compl., ECF No. 1 at 9, ¶ 47) (Pl's Amended Compl., ECF No. 49, at 1, ¶ 48).

### 5.  Count Five. Defamation

Plaintiff's Amended Complaint (ECF No. 49) adds Count Five, an action for defamation, in addition to the four counts of Plaintiff's Original Complaint (ECF No. 1). In support of his claim for defamation, Plaintiff states that "Sanjay Bharti, MD PLLC working thru [sic] employees and agents Jeremy Larew and Sanjay Bharti, MD disseminated written defamatory communication throughout the HealthSouth physical campus and defamatory and false statements about Plaintiff readily available to HealthSouth employees thereby prejudicing Plaintiff in his profession." (Pl's Amended Compl., ECF No. 49, at 1, ¶ 49). Plaintiff claims that "HealthSouth employees, patients, and families read 'news' concerning Plaintiff, and understood it to be defamatory to the Plaintiff." Id. at ¶ 50.

Plaintiff states that the Defendants "knew or should have known its statement concerning Plaintiff was false, made without reasonable grounds for belief in its truth, and without reasonably adequate investigation. Defendant published the statement maliciously with knowledge of its falsity or with reckless disregard for the truth." Id. at ¶ 51. Plaintiff alleges that this false statement "injured Plaintiff's reputation among his former coworkers, caused severe emotional distress, humiliation, and embarrassment, and caused special damages in the form of income." Id. at ¶ 53. Plaintiff claims compensatory damages in the amount of $5,000,000.00 for the injury to his "reputation, emotional distress, humiliation" and embarrassment. Id. at 2. Plaintiff further requests punitive damages in the amount of $350,000.00. Id. Plaintiff also asks the Court for an "Order of Expungement of unfavorable entry of Plaintiff's under National Practitioner Database and Professional Liability Insurance database resultant of Sanjay Bharti MD, PLLC settlement agreement under Monongalia Circuit Court in 16-C-129." Id.

In further support of his claim for defamation, Plaintiff attached a news article to his Memorandum in Support (ECF No. 93-1, at 10). The article is from the West Virginia Record and is titled "Woman blames Mon General for family member's death" apparently published to the internet on March 17, 2016 at 1:42 p.m. Id. The article states as follows: "A woman is suing Monongalia County General Hospital after she claims it and several physicians are responsible for her family member's death. Drs. Ajai Sandhir, Morgan Lyons and Sanjay Bharti were also named as defendants in the suit." Id. Plaintiff further attached court documents indicating a medical malpractice suit was in fact filed against him. Id. at 1-5. Plaintiff also attached a complaint and decision of the West Virginia Board of Medicine further supportive of the fact that a medical malpractice action had been filed against him and settled. Id. at 6-9.

### 6. Fraud

Defendants Louis Little and Ginger Dearth point out in their Memorandum in Support of Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 65-1) that Plaintiff has put forth allegations that sound in fraud. The undersigned agrees. Plaintiff's Complaint and Amended Complaint assert allegations against the Defendants in paragraphs twenty-eight and forty-two that sound in fraud. Specifically, Plaintiff states in paragraph twenty-eight that "Health South administration in conjunction with Bharti PLLC *fraudulently* misrepresented to patients that Plaintiff was relocating and was not accepting consultations." (Pl's Compl., ECF No. 1, at 6, ¶ 28) (emphasis added). Further, in paragraph forty-two, Plaintiff states that "[e]ach of the Defendants, by acting as herein described, did so knowingly, or in such a reckless or grossly negligent manner as to constitute a *fraud* and deceit upon the Plaintiff." Id. at 9, ¶ 42 (emphasis added).

### 7.  Punitive Damages

Plaintiff requests the Court in his Complaint and Amended Complaint to award him with punitive damages to "penalize Defendant for intentional and malicious acts of misconduct" (Pl's Compl., ECF No. 1, at 10) and to "deter defendants from publishing malicious and reckless statements in the future." (Pl's Amended Compl., ECF No. 49, at 2).

### B.  Motions to Dismiss

### 1.  Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D., P.L.L.C.'s Motion to Dismiss for Failure to State a Claim in Count V of the Amended Complaint.

Defendants have filed their motion based on Federal Rule of Civil Procedure 12(b)(6) alleging that the Plaintiff has failed to state a claim upon which relief may be granted in Count V of his Amended Complaint which purports to make a claim for defamation against the Defendants. Specifically, Defendants state that "Plaintiff has failed to assert that Defendants made a statement that would tend to harm Plaintiff's reputation" and has instead asserted "labels and legal conclusions that amount to nothing more than a formulaic recitation of the elements of a cause of action." Further, Defendants allege that Plaintiff's assertion of "labels and legal conclusions" does not meet the pleading standards under Federal Rule of Civil Procedure 12(b)(6) as required by *Twombly* and *Iqbal*. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). Therefore, the Defendants argue that Plaintiff's claim for defamation should be dismissed because it fails to plead sufficient facts to support a claim of defamation.

### 2.  Defendants Ginger Dearth and Louis Little's Motion to Dismiss Plaintiff's Amended Complaint

Defendants Ginger Dearth and Louis Little have made their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 65-1). Specifically, Defendants Dearth and

Little assert that Plaintiff has failed to state a claim upon which relief may be granted in Counts One and Two (Tortious Interference) because Plaintiff has "failed to plead (i) the existence of a legally cognizable contractual or business relationship; and (ii) any specific acts taken by Little and Dearth that were intended to interfere with that relationship." (ECF No. 65-1 at 5-6). Defendants Dearth and Little further state that Counts III and IV of Plaintiff's Amended Complaint fail to state a claim upon which relief may be granted because he has "failed to allege facts sufficient to prove the existence of an underlying tort". Id. at 9.

While not specifically alleged in Plaintiff's Complaint or Amended Complaint, Defendants Dearth and Little state that, "[t]o the extent Plaintiff intends to assert a cause of action for fraud, such claims should be dismissed for failure to comport with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Id. at 10. Finally, Defendants Dearth and Little that Plaintiff's demand for punitive damages "fails to satisfy the *Iqbal/Twombly* pleading requirements" to support the demand and therefore his prayer for punitive damages should be stricken. Id. at 11-12.

### 3. Plaintiff's Response

First, in Plaintiff's Response, Plaintiff puts forth new factual allegations regarding a medical malpractice lawsuit against the Bharti Defendants and the Plaintiff in which Plaintiff claims that the Bharti Defendants made settlement payments without Plaintiff's knowledge or authority thereby interfering in Plaintiff's right to defend himself in a civil action. (ECF No. 93, at 1, ¶ 2-8). However, this matter is not properly before this Court and will not be considered as part of Plaintiff's action against the Defendants. Plaintiff's Response to Roseboro Notice and Memorandum in Support (ECF Nos. 92-93) further attempts to clear up the issues raised by Defendants in their Motions to Dismiss. In this attempt, Plaintiff adds some new factual allegations. Plaintiff states that the Bharti Defendants and Larew unilaterally terminated

"Plaintiff's employment during HealthSouth hospital orientation in August 2014. Then again to unjustly interfere with the Plaintiff's independent business to conduct medical consultations on in-patient's at HealthSouth . . ." regarding Plaintiff's claim of tortious interference. (ECF No. 93, at 2, ¶ 9).

Further in support of Plaintiff's claim for tortious interference, Plaintiff states the "misrepresentation were [sic] immediately after the 'sham' meeting of March 31, 2015 at which Louis Little on the direction of Defendant Dearth physically removed and restrained re-entry of Plaintiff by and threatened with intimidation of trespass charge and security and/or police." Id. at 3, ¶ 21(a) and 9, ¶ 62. Plaintiff further states that the names of nursing services, therapists, patients, and patient families that informed him of the Defendants' misrepresentation that Plaintiff was relocating and no longer accepting consultations are "withheld for privacy and shall be delivered in manner agreeable to counsel under seal." Id. at 3-4, ¶ 22(a) and 23(a).

Plaintiff states that his "medical in-hospital consultation service business is a business relationship between Plaintiff's consulting service and hospital Admitting physician(s)" (Id. at 8, ¶ 51(a)) and that Defendants' deliberately interfered with "the established referral process between the Plaintiff and Biundo Inc." Id. at ¶ 52. Plaintiff states he held "consulting privileges" and his services were in a "capacity different and separate from an 'Admitting physician.'" Id. at 5-6, ¶ 40-42(a). Plaintiff states that the interference has occurred from "February thru [sic] March 31, 2015 and into the spring of 2015 and on-going." Id. at 6, ¶ 42(e). Later in Plaintiff's Response, Plaintiff states that the statements made by Defendants constituting the misrepresentation to patients that forms the basis of this action "were made on and about April 1, 2015 into first week and continued" (Id. at 9, ¶ 55) but also states that the majority of the "event took place in the time frame of March 2015." Id. at ¶ 61.

Regarding his claim for defamation, Plaintiff states the defamatory statement that is the basis for such action is "the news letter of file lawsuit for wrongful death accusation." Id. at 3, ¶ 13.

### III.   Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002).

Detailed factual allegations are not required. Twombly, 550 U.S. at 555. However, the factual allegations must "be enough to raise a right to relief above the speculative level" (Id. at 555) – to be "plausible on its face," rather than merely "conceivable." Id. at 548. A "sheer possibility that a defendant has acted unlawfully" is not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct 1937, 1949, 173 L.Ed.2d 868 (2009). Rather, the plausibility standard is met when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As stated by the Southern District of West Virginia in Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D. W. Va. August 26, 2014), according to Iqbal and the interpretation given it by out appeals court,

> [L] egal conclusions, elements of a cause of action, and bare assertions devoid of further enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949 (2009). We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 556 U.S. 662, 129 S.Ct. at 1951-52.

> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "across the line from conceivable to plausible." Id. at 1974 (quoting Twombly, 550 U.S. at 570).

Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D.W. Va. August 26, 2014) (quoting Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, courts must "liberally construe" complaints filed *pro se*. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint. See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004); *cf.* Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)(explaining

that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); see also Agnew v. NCAA, 683 F.3d 328, 348 (7th Cir. 2012) (It is improper to amend a complaint via a response to a motion to dismiss). However, here, because the Plaintiff is an unskilled *pro se* litigant, the undersigned will construe his Response to Roseboro Notice and Memorandum in Support (ECF No. 92, 93), along with its attached documents, as not only his response in opposition and memorandum in support, but also a memorandum in support of his Amended Complaint.

## IV.   Analysis

### A.   Counts One and Two. Tortious Interference with Business Relationship, Expectancy, or Advantage should be dismissed with prejudice because it fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6)

A claim of tortious interference with business relationship is governed by state law. To establish a prima facie case of tortious interference in West Virginia, "a Plaintiff must prove the following elements: (1) the existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Susko v. Cox Enters., No. 5:07-CV-144, 2008 U.S. Dist. LEXIS 69901, at *20 (N.D.W. Va. September 16, 2008) (quoting Syl. Pt. 2, Torbett v. Wheeling Dollar Sav. & Trust Co., 173 W. Va. 210, 314 S.E.2d 166 (W. Va. 1984)). However, even if a plaintiff makes out a prima facie case of tortious interference,

> [d]efendants are not liable for interference . . . if they show defenses of legitimate competition between plaintiff and themselves, their financial interest in the induced party's business, their responsibility for another's welfare, their intention to influence another's business policies in which they have an interest, their giving of honest, truthful requested advice, or other factors show the interference was proper.

Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D.W. Va. August 26, 2014) (quoting Garrison v. Herbert J. Thomas Memorial Hosp. Ass'n, 190 W.Va. 214, 221, 438 S.E.2d 6 (1993).

The Defendants Little and Dearth argue that Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure because he failed to plead the existence of a legally cognizable contractual or business relationship and any specific acts taken by Defendants Little and Dearth that were intended to interfere with that relationship. (ECF No. 65-1 at 5-6).

   1. **Plaintiff has failed to plead the existence of a legally cognizable contractual or business relationship because the existence of the relationship based on patient referrals is too speculative under the requirements of *Twombly and Iqbal* and the less stringent requirements afforded to *pro se* Plaintiffs.**

The undersigned notes that the issue of whether a legally cognizable business relationship exists between two physicians or an outside physician and a hospital based on a "patient referral process" has not been determined or addressed by the Supreme Court of Appeals of West Virginia. As a result, the undersigned finds instructive the approach taken by the Southern District of West Virginia in the case of Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, (S.D.W. Va. August 26, 2014). When faced with an issue of first impression, the Court in Mid-Vol Coal Sales, Inc. stated the following:

> Because the West Virginia Supreme Court of Appeals has not addressed this exact issue, this court must attempt to predict how that court would rule if confronted with the issue presented herein. Horace Mann Ins. Co. v. General Star Nat'l Ins. Co., 514 F.3d 327, 329 (4th Cir. 2008). Furthermore, in the absence of authority "by the highest state court in West Virginia, our role in the exercise of our diversity jurisdiction is limited. A federal court acting under its diversity jurisdiction should respond conservatively when asked to discern the governing principles of state law." Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88, 96 (4th Cir. 2011). "Therefore, in a diversity case, a federal court should not interpret state law in a manner that may appear desirable to the federal court but has not been approved by the state whose law is at issue." See id.

16

Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *7-8 (S.D.W. Va. August 26, 2014). The Court went on to state that in "the absence of direct authority, the federal court may look to state high court decisions in related or analogous cases for an indication of how the state's highest court is likely to rule." Mid-Vol Coal Sales, Inc., at *8 (citing Perez-Trujillo v. Volvo Car Corp. (Sweden), 137 F.3d 50, 55 (1st Cir. 1998).

The Defendant cites the following from outside jurisdictions in support of their argument that Defendant has failed to plead the existence of a legally cognizable contractual or business relationship, Boffa Surgical Group LLC v. Managed Healthcare Assocs., 47 N.E.3d 569, 577-78 (Ill. App. Ct. 2015) (physician group failed to meet requirement of alleging business expectancy with a specific third party where complaint merely alleged that defendants' conduct "prevented unnamed physicians from referring patients to [them] and prevented unnamed patients from receiving services from [the group]"); and Giampolo v. Somerset Hosp. Ctr. for Health, No. 95-1331, 1998 U.S. Dist. LEXIS 14388, at *48-50 (W.D. Pa. May 29, 1998) (dismissing plaintiff neurologist's tortious interference claim against defendant hospital for failing to "identif[y] a single patient who would have been referred to him absent the conduct of defendants, let alone developed any evidence of any referral and/or consultation patterns at [the hospital]"). (ECF No. 65-1 at 6).

The undersigned finds this authority persuasive and further finds that Plaintiff has failed to meet the pleading requirements of Twombly and Iqbal as well as the less stringent requirements afforded to *pro se* Plaintiffs as reaffirmed by the Court in Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007). Here, Plaintiff has not plead any facts in his Complaint or Amended Complaint that would give rise to an inference above speculation that any business relationship existed between the Plaintiff and Dr. Russell Biundo. Plaintiff asserts *only* in his Response to Roseboro

Notice and Memorandum in Support (ECF No. 93) that Plaintiff had a "business relationship with Russell Biundo, Inc. and other medical practices in the community." (ECF No. 93, at 7, ¶ 47(a)). Plaintiff further states that his "medical in-hospital consultation service business is a business relationship between Plaintiff's consulting service and hospital Admitting physician(s)" (ECF No. 93, at 8, ¶ 51(a)) and that Defendants' deliberately interfered with "the established referral process between the Plaintiff and Biundo Inc." Id. at ¶ 52. However, Plaintiff also states he held "consulting privileges" and his services were in a "capacity different and separate from an 'Admitting physician.'" Plaintiff has not plead any facts concerning the nature of his alleged business relationship.

Plaintiff merely makes a bare assertion that the relationship existed, and this allegation is devoid of any enhancement or factual support and this assertion occurred only in Plaintiff's Response to Roseboro Notice and Memorandum in Support (ECF No. 93) and has not been plead in Plaintiff's Complaint or Amended Complaint. As noted above, when deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint. See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004); cf. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)(explaining that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); see also Agnew v. NCAA, 683 F.3d 328, 348 (7th Cir. 2012) (It is improper to amend a complaint via a response to a motion to dismiss).

The undersigned finds that Plaintiff has not put forth any facts to establish a referral pattern or alleged that any agreement, written or implied in fact, existed that would guarantee him patient referrals from Dr. Biundo. Plaintiff has not named or established any patients that would have been referred to him absent the Defendants' alleged interference or plead facts sufficient to show that

patient referrals and what Doctor patients are referred to was not entirely the prerogative of Dr. Russell Biundo. In sum, Plaintiff has not put forth any facts that would suggest he was entitled or guaranteed patient referrals from Dr. Biundo as part of any system or agreement that would establish a cognizable business relationship between the two. As Plaintiff admits, he held "consulting privileges" and responsibilities "separate from an 'Admitting physician.'" Id. at 5-6, ¶ 40-42(a). Any patient referrals would have to occur at the direction of the admitting physician and were the prerogative of Dr. Biundo. Therefore, the undersigned finds Plaintiff has failed to plead facts sufficient to establish the existence of a business relationship necessary for a cause of action of tortious interference with business relationship because Plaintiff's allegations are too speculative.

### 2. Plaintiff has failed to plead an intentional act of interference by a party outside that relationship or expectancy that is sufficient to raise the allegation from conceivable to plausible as required by *Twombly* and *Iqbal*.

The undersigned further finds that Plaintiff's tortious interference with business relationship claim fails as to the second element necessary to establish the claim, "an intentional act of interference by a party outside that relationship or expectancy." Susko v. Cox Enters., No. 5:07-CV-144, 2008 U.S. Dist. LEXIS 69901, at *20 (N.D.W. Va. September 16, 2008). Plaintiff alleges that a meeting occurred between Defendants Dr. Sanjay Bharti, Jeremy Larew, Ginger Derth, and HealthSouth CEO Louis Little on Wednesday, February 18, 2015. (Pl's Compl., ECF No. at 6, ¶ 23.) During this meeting, Plaintiff claims that "Dr. Bharti leveraged his referral position and repeatedly threatened to stop, curtain, in-patient referrals during negotiations and conversations with hospital administration." Id.  Subsequently, Plaintiff states that "HealthSouth Administration Ginger Derth and Louis Little aggressively directed a course of action to eliminate further medical consultation services of Plaintiff upon Dr. Biundo's HealthSouth Mountainview

in-hospital patients services" and thereby "reward Dr. Sanjay Bharti PLLC with referrals." <u>Id.</u> at ¶ 27. Plaintiff further states that "Health South administration in conjunction with Bharti PLLC fraudently [sic] misrepresented to patients that Plaintiff was relocating and was not accepting consultations." <u>Id.</u> at ¶ 28.

However, in his Response to Roseboro Notice and Memorandum in Support (ECF No. 93) Plaintiff also states that the "misrepresentation were [sic] immediately after the 'sham' meeting of March 31, 2015 at which Louis Little on the direction of Defendant Dearth physically removed and restrained re-entry of Plaintiff by and threatened with intimidation of trespass charge and security and/or police." (ECF No. 93, at 3, ¶ 21(a) and 9, ¶ 62.) Plaintiff has failed to allege further enhancing facts that would support the claim that the meeting he alleges took place involved the kind of "strong arm tactics" against Dr. Biundo he claims. More importantly, Plaintiff has failed to plead any enhancing facts that would support an inference above the speculative level that any action taken by Defendants during and after this alleged meeting was intentionally and specifically directed at eliminating patient referrals between Plaintiff and Dr. Russell Biundo or that such action was intended to interfere with Plaintiff's business relationship with Dr. Biundo. The allegations of the action taken by Defendants to direct patient referrals to Bharti PLLC in an intentional effort to disrupt Plaintiff's business relationship and eliminate his patient referrals is speculative and devoid of factual support in Plaintiff's Complaint and Amended Complaint.

By Plaintiff's own admission, he was not part of this meeting and has provided conflicting accounts as to when the meeting occurred. Plaintiff has further failed to provide facts to indicate that any direction taken by Dr. Biundo to provide patient referrals to Bharti PLLC following this meeting were not a result of Dr. Biundo's own volition and were not solely at his discretion. As noted above, Plaintiff fails to plead facts sufficient to show he had any legitimate expectancy in

patient referrals. As a result, the undersigned finds that Plaintiff has failed to plead facts sufficient to support that the Defendants engaged in an intentional act of interference, one that was directed at eliminating or disrupting any business of the Plaintiff. Plaintiff's allegations have not produced an inference of liability strong enough to nudge the Plaintiff's claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

### 3. Plaintiff has further failed to sufficiently plead causation and damages required to sustain a claim of tortious interference with business relationship.

The third and fourth elements required to sufficiently plead a cause of action for tortious interference with business relationship are "proof that the interference caused the harm sustained" and "damages." Susko v. Cox Enters., No. 5:07-CV-144, 2008 U.S. Dist. LEXIS 69901, at *20 (N.D.W. Va. September 16, 2008) (quoting Syl. Pt. 2, Torbett v. Wheeling Dollar Sav. & Trust Co., 173 W. Va. 210, 314 S.E.2d 166 (W. Va. 1984)). Here, the undersigned is of the opinion that Plaintiff has further failed to meet the requirements of Iqbal and Twombly as well as the less stringent requirements afforded to *pro se* litigants as articulated in Erickson for pleading proof that the alleged interference caused the harm sustained and that damages exist as a result of the alleged interference.

As noted above, Plaintiff has failed to plead the existence of a legally cognizable business relationship or expectancy because he has failed to allege any facts supporting the alleged system or pattern of patient referrals between Plaintiff and Dr. Russell Biundo. Plaintiff has not put forth any facts indicating he was guaranteed patient referrals from Dr. Russell Biundo or established any system or pattern by which he would have received a guaranteed number of patient referrals. Plaintiff has failed to allege facts establishing that any agreement in writing or implied in fact existed between himself and Dr. Russell Biundo which would guarantee him patient referrals. Furthermore, Plaintiff has not alleged any facts naming any patients that would have been referred

21

to him absent the alleged interference of the Defendants. Therefore, the undersigned finds that Plaintiff has not sufficiently plead any proof that the alleged interference has caused the alleged harm sustained nor that Plaintiff has actually suffered harm as a result of the alleged interference.

Hence, it follows that Plaintiff has not sufficiently plead the existence of damages as a result of the alleged interference. Again, Plaintiff has not sufficiently put forth facts that would indicate any loss of patients or patient referrals and therefore, has not shown any loss of business income as a result of the alleged interference of Defendants.[2] Furthermore, to the extent Plaintiff asks the Court for an "Order of Expungement of unfavorable entry of Plaintiff's under National Practitioner Database and Professional Liability Insurance database resultant of Sanjay Bharti MD, PLLC settlement agreement under Monongalia Circuit Court in 16-C-129" (Pl's Amended Compl., ECF No. 49, at 1, ¶ 53), the undersigned finds Plaintiff has not put forth sufficient facts to establish a claim which would entitle him to such relief and the matter is not properly before the Court. As a result, the undersigned finds that Plaintiff has failed to meet the pleading requirements of <u>Iqbal</u> and <u>Twombly</u> as well as the less stringent standards afforded to *pro se* Plaintiffs under <u>Erickson</u> for causation and damages as required to establish a viable claim of tortious interference with business relationship in West Virginia.

4. **The undersigned is of the opinion that Plaintiff has failed to meet the required Statute of Limitations for tortious interference with business relationship.**

This Court has previously articulated the statute of limitations governing claims of tortious interference with business relationship as set forth by the West Virginia Supreme Court of Appeals.

> "[A]n individual's right to conduct a business or pursue an occupation is a property right. The type of injury alleged in an action for tortious interference with business relationship is damage to one's business or occupation. Therefore, the two year statute of limitations governing actions for damage to property set forth under

---

[2] The undersigned further notes that the Court entered an Order striking Plaintiff's Expert Disclosures for failure to comply with Fed. R. Civ. P. 26(a)(2)(A) and (B)(i-vi) (ECF No. 115). As a result, the undersigned is of the opinion that, given the claims Plaintiff has put forth, Plaintiff is unable to provide any proof of the alleged damages.

W.Va. Code, 55-2-12, applies to an action for tortious interference with business relationship."

Am. Muscle Docks & Fabrication, LLC v. Metro, Inc., 187 F.Supp.3d 694, at 24-25 (N.D.W. Va. 2016)(quoting Garrison v. Herbert J. Thomas Memorial Hosp. Ass'n, 190 W.Va. 214, 222, 438 S.E.2d 6, 14 (1993). Here, the Plaintiff alleges in his Complaint and Amended Complaint that a meeting occurred in February of 2015 between Defendants Dr. Sanjay Bharti, Jeremy Larew, Ginger Derth, and HealthSouth CEO Louis Little. (Pl's Compl., ECF No. 1, at 6, ¶ 23). During this meeting, Plaintiff claims that "Dr. Bharti leveraged his referral position and repeatedly threatened to stop, curtain, in-patient referrals during negotiations and conversations with hospital administration." Id.

After this alleged meeting, Plaintiff states that "HealthSouth Administration Ginger Derth and Louis Little aggressively directed a course of action to eliminate further medical consultation services of Plaintiff upon Dr. Biundo's HealthSouth Mountainview in-hospital patients services" and thereby "reward Dr. Sanjay Bharti PLLC with referrals." Id. at ¶ 27. Plaintiff further states that "Health South administration in conjunction with Bharti PLLC fraudently [sic] misrepresented to patients that Plaintiff was relocating and was not accepting consultations." Id. at ¶ 28.

In his Response to Roseboro Notice and Motion to Dismiss, Plaintiff states that the interference has occurred from "February thru [sic] March 31, 2015 and into the spring of 2015 and on-going." (ECF No. 93, at 6, ¶ 42(e)). Later in Plaintiff's Response, Plaintiff states that the statements made by Defendants constituting the misrepresentation to patients that forms the basis of this action "were made on and about April 1, 2015 into first week and continued" (Id. at 9, ¶ 55) but also states that the majority of the "event took place in the time frame of March 2015." Id. at ¶ 61.

Plaintiff filed his Complaint on May 19, 2017 in the United States District Court for the Eastern District of Virginia. (ECF No. 1). Though giving conflicting accounts of when the alleged meeting and subsequent interference occurred, the latest specific date the Plaintiff alleges for his claim of tortious interference with business relationship is April of 2015. Therefore, it was at this time that the Plaintiff knew or, by the exercise of reasonable diligence, should have known of the alleged interference and as a result, the undersigned finds that this is when the statute of limitations governing Plaintiff's alleged claim began to accrue.[3] Although not argued by the Defendants, and therefore not properly before the Court, the undersigned would note he is of the opinion that Plaintiff has exceeded the two-year statute of limitations governing claims of tortious interference with business relationship in West Virginia. Hence, the undersigned recommends that Counts One and Two of Plaintiff's Amended Complaint be dismissed with prejudice.

### B. Counts Three and Four. Aiding and Abetting and Civil Conspiracy should be dismissed with prejudice because it fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6)

Counts Three and Four of Plaintiff's Amended Complaint allege claims of aiding and abetting and civil conspiracy to injure another in trade, business or profession. The Defendant argues that these claims necessarily depend upon the Plaintiff's ability to prove the existence of the underlying tort. Here, the underlying tort that forms the basis of Plaintiff's claims of aiding and abetting and civil conspiracy to injure another in trade, business or profession is the tortious interference with business relationship.

---

[3] *See* <u>Robinson v. Quicken Loans, Inc.,</u> 988 F.Supp.2d 615 (S.D.W. Va. 2013)(Next, the discovery rule is applied to determine when the statute of limitations began to run. Under the discovery rule, **which is generally applicable to all torts**,

> the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty . . . , and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

<u>Robinson v. Quicken Loans, Inc.,</u> 988 F.Supp.2d 615 (S.D.W. Va. 2013)(quoting <u>Dunn v. Rockwell</u>, 225 W. Va. 43, at 52-53)(emphasis added)).

"Like a conspiracy claim, the ability to recover for aiding and abetting necessarily depends upon the ability of a plaintiff to prove the underlying tort." Roney v. Gencorp, 431 F.Supp. 2d 622 (S.D.W. Va.) (2006) (citing Clark v. Milam, 847 F.Supp. 409, 419-420 (S.D.W. Va. 1994)("West Virginia clearly recognizes aiding and abetting tortious conduct"). Because the undersigned has found that Plaintiff has failed to meet the pleading requirements of Twombly and Iqbal and the less stringent requirements afforded *pro se* Plaintiffs under Erickson regarding his claim of tortious interference with business relationship, the undersigned finds that Plaintiff has not sufficiently alleged claims for aiding and abetting or civil conspiracy. Therefore, the undersigned recommends that Counts Three and Four of the Plaintiff's Amended Complaint be dismissed with prejudice.

### C. Count Five. Defamation should be dismissed with prejudice because it fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6)

The "essential elements for a successful defamation action . . . are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." Syl. Pt. 1, Crump v. Beckley Newspapers, Inc., 173 W. Va. 699, 320 S.E.2d 70 (1984). The question of whether a challenged statement is capable of a defamatory meaning is a question of law. Syl. Pt. 7, Belcher v. Wal-Mart Stores, Inc., 211 W. Va. 712, 568 S.E.2d 19 (2002).

Here, the undersigned is of the opinion that Plaintiff has not sufficiently plead the existence of any defamatory statement, falsity, or any negligence on the part of the publisher as required to assert a claim of defamation and has therefore, failed to meet the pleading requirements of Twombly and Iqbal as well as the less stringent standards afforded to *pro se* litigants under Erickson. Plaintiff's Amended Complaint does not plead any facts that would suggest any defamatory statement was made by the Defendants that is cognizable under the law. Furthermore, the undersigned finds that Plaintiff has not sufficiently plead that any statement made by the

Defendants was false or that the Defendants published any defamatory statement. In his Response, Plaintiff states his claim of defamation is based on the Defendants' alleged dissemination of an article published on the internet. Plaintiff attached the news article to his Memorandum in Support (ECF No. 93-1, at 10). As noted previously, Plaintiff stated in his Memorandum in Support that the defamatory statement that is the basis for such action is "the news letter of file lawsuit for wrongful death accusation." (ECF No. 93, at 3, ¶ 13).  The article is from the West Virginia Record and is titled "Woman blames Mon General for family member's death" apparently published to the internet on March 17, 2016 at 1:42 p.m. Id.

The article states as follows: "A woman is suing Monongalia County General Hospital after she claims it and several physicians are responsible for her family member's death. Drs. Ajai Sandhir, Morgan Lyons and Sanjay Bharti were also named as defendants in the suit." Id. Plaintiff further attached court documents indicating a medical malpractice suit was in fact filed against him. Id. at 1-5. Plaintiff also attached a complaint and decision of the West Virginia Board of Medicine further supportive of the fact that a medical malpractice action had been filed against him and settled. Id. at 6-9. Because Plaintiff's own attachments and admissions prove the veracity and truth of the article he claims to be the defamatory statement that forms the basis of his action for defamation, Plaintiff has failed to plead facts sufficient to the elements of the existence of a defamatory statement, falsity, or at least negligence on the part of the publisher, as required for a successful defamation action. Therefore, the undersigned recommends Count V of Plaintiff's Amended Complaint be dismissed with prejudice.

**D. To the extent Plaintiff alleges fraud, this claim should be dismissed with prejudice because it fails to comport with the heightened pleading requirements of Fed. R. Civ. P. 9(b).**

26

While Plaintiff has not specifically alleged a count for fraud in his Amended Complaint, certain paragraphs of Plaintiff's Amended Complaint sound in fraud. Plaintiff's Complaint and Amended Complaint assert allegations against the Defendants in paragraphs twenty-eight and forty-two that sound in fraud. Specifically, Plaintiff states in paragraph twenty-eight that "Health South administration in conjunction with Bharti PLLC *fraudulently* misrepresented to patients that Plaintiff was relocating and was not accepting consultations." (Pl's Compl., ECF No. 1, at 6, ¶ 28) (emphasis added). Further, in paragraph forty-two, Plaintiff states that "[e]ach of the Defendants, by acting as herein described, did so knowingly, or in such a reckless or grossly negligent manner as to constitute a *fraud* and deceit upon the Plaintiff." Id. at 9, ¶ 42 (emphasis added).

Federal Rule of Civil Procedure 9(b) states that a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As the Defendants argue, Plaintiff has failed to state who from HealthSouth or Bharti PLLC made the alleged fraudulent misrepresentations to patients that Plaintiff was relocating and not accepting consultations. Plaintiff has further failed to plead how or when these statements were made. The undersigned finds these allegations to be bare and conclusory in nature and devoid of any factual enhancement and further, do not comport with the particularity requirements of Fed. R. Civ. P. 9(b). Therefore, to the extent Plaintiff intends to allege a claim of fraud, the undersigned recommends it be dismissed with prejudice.

### E. Plaintiff's demand for Punitive Damages should be dismissed with prejudice.

Plaintiff requests the Court in his Complaint and Amended Complaint to award him with punitive damages to "penalize Defendant for intentional and malicious acts of misconduct" (Pl's Compl., ECF No. 1, at 10) and to "deter defendants from publishing malicious and reckless statements in the future." (Pl's Amended Compl., ECF No. 49, at 2). Plaintiff's demand for punitive damages and the allegations supporting it are mere formulaic recitations of the elements

27

required to make the claim and no more than labels and conclusions. Therefore, Plaintiff's demand does not comport with the pleading requirements of <u>Twombly</u> and <u>Iqbal</u> or the less stringent standards afforded to Plaintiffs proceeding *pro se*. However, because the undersigned has recommended all counts of Plaintiff's Amended Complaint be dismissed with prejudice, the undersigned finds Plaintiff's request for punitive damages is without merit and should also be dismissed.

## V.   <u>Conclusion</u>

Therefore, for the reasons stated herein, the undersigned **RECOMMENDS** the Defendants, Ginger Dearth and Louis Little's Motion to Dismiss for Failure to State a Claim in *Amended Complaint* (ECF No. 65) be **GRANTED**, Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D., P.L.L.C.'s Motion to Dismiss for Failure to State a Claim in *Count V of the Amended Complaint* (ECF No. 63) be **GRANTED,** and Defendants Sanjay Bharti, Jeremy Larew, and Sanjay Bharti, M.D. P.L.L.C.'s Objections to *Plaintiff's Subpoena to Monongalia County General Hospital* (ECF No. 135) which the undersigned has construed as a Motion to Quash Subpoenas, be **DENIED AS MOOT.** The undersigned further **RECOMMENDS** Plaintiff's Motion to Strike Defendants' Expert Witness (ECF No. 127) be **DENIED AS MOOT** and Plaintiff's *Amended Complaint* be **DISMISSED WITH PREJUDICE**.

Any party within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report

and recommendation.  28 U.S.C. §636(b)(1).  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is **DIRECTED** to forward a copy of this Report and Recommendation to counsel of record and any party appearing *pro se* in compliance with the rules for electronic case filing in the Northern District of West Virginia.  Additionally, as this report and recommendation concludes the referral from the District Court, the Clerk is further **DIRECTED** to terminate the magistrate judge's association with this case.

Respectfully submitted this 23rd day of January 2019.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE